JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00771 RGK (FFMx) | Date | March 18, 2014 |
|---|---|---|---|
| Title | *MICHAEL PADILLA v. FUSION CONTACT CTRS., LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On January 31, 2014, Fusion Contact Centers, LLC ("Defendant") removed this action from the Superior Court for Santa Barbara County to the United States District Court, Central District of California on the basis of diversity of citizenship.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Federal jurisdiction based on diversity of citizenship requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendant states as its basis for removal that the parties are completely diverse and that the amount in controversy exceeds $75,000. In support of this assertion, Defendant cites Plaintiff's complaint wherein Plaintiff prays for general damages "in excess of the jurisdictional minimum of this Court . . . ." (Compl at 8.) However, this case was originally filed in superior court and the jurisdictional minimum in superior court is $25,000. *Walker v. Superior Court*, 807 P.2d 418, 421 (Cal. 1991). Defendant has only established that the amount in controversy likely exceeds $25,000. Although Defendant contends that special damages, punitive damages, and attorney's fees may all be included in determining the amount in controversy, Defendant has failed to show how these damages and fees

would aggregate to exceed the $75,000 threshold. Because Defendant has failed to carry its burden of proof in establishing that the amount in controversy exceeds $75,000, the Court does not have jurisdiction over this matter.

In light of the foregoing, the Court hereby **remands** the action to state court for further proceedings.

**IT IS SO ORDERED.**

        **:**      

**Initials of Preparer**